IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHANE PHILLIP NICKERSON, | CV 21-0026-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| ED CORRIGAN, LORI ADAMS, FLATHEAD COUNTY SHERIFF'S OFFICE, JOHN AND JANE DOES, | |
| Defendants. | |

Plaintiff Shane Nickerson filed an Amended Complaint advancing allegations against the Flathead County Attorney's Office and the Flathead County Sheriff's Office for constitutional violations that he asserts occurred in conjunction with his 2008 criminal investigation and subsequent prosecution.  See, (Doc. 9 at 5-8.).  Mr. Nickerson also seeks appointment of counsel. (Doc. 8.)  As explained below, because Mr. Nickerson's claims are barred by the applicable statute of limitations and the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), he fails to state a federal claim for relief.  The Amended Complaint will be dismissed.

## I.    Motion to Appoint Counsel

Mr. Nickerson requests that this Court appoint counsel to represent him.  As grounds for his request Mr. Nickerson states that this is a very complex case and that he is unable to contact a "lab facility" to assist him nor is he able to brief or

present the proper arguments.  (Doc. 8 at 1.)  Mr. Nickerson also asserts counsel

would be able to help him obtain discovery and subpoena records and evidence to

bolster his claims.  *Id*. at 1-2.

No one, including incarcerated prisoners, has a constitutional right to be

represented by appointed counsel when they choose to bring a civil lawsuit under

42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

*withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal

cases, the statute that applies does not give a court the power to simply appoint an

attorney.  28 U.S.C. § 1915 only allows the Court to "request" counsel to represent

a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  A judge

cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit- a judge can

merely request a lawyer to do so.  *Mallard v. United States Dist. Court*, 490 U.S.

296, 310 (1989).  Further, a judge may only request counsel for an indigent

plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of
> both "the likelihood of success on the merits and the ability of the
> petitioner to articulate his claims pro se in light of the complexity
> of the legal issues involved."  Neither of these factors is dispositive
> and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony.  However, this is not the test.  *Rand*, 113 F.3d at 1525.  Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex.  *See*, *Wilborn*, 789 F.2d at 1331. Factual disputes and the anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel.  *Rand*, 113 F.3d at 1525.

As explained further below, given Mr. Nickerson's untimely filing and the *Heck* bar, he cannot demonstrate a likelihood of success on the merits. Additionally, he has effectively articulated his claims.  Because the Court does not find a sufficient basis to appoint counsel, the motion will be denied.

## II.  Screening Analysis

Mr. Nickerson is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

By way of background, Mr. Nickerson was convicted of Sexual Assault, Aggravated Assault, Criminal Endangerment, and Assault on a Minor following an October 2009 jury trial in in Montana's Eleventh Judicial District, Flathead County. *See e.g.,* (Doc. 9 at 5).[1] On February 4, 2010, the district court sentenced Mr. Nickerson to the Montana State Prison for a 50-year term for Sexual Assault, and concurrent sentences of 20 years, 20 years, and 5 years, respectively, for the remaining felonies.  On direct appeal, the Montana Supreme Court remanded the case to the district court with a directive to strike the Assault on a Minor conviction because the State had failed to prove an essential element of the offense.  *State v. Nickerson*, 2011 MT 85N, 361 Mont. 534, 264 P. 3d 517. Mr. Nickerson's remaining convictions and sentences were affirmed.  *Nickerson*, 2011 MT, at ¶¶ 2, 12.

In 2019, Mr. Nickerson filed a petition for postconviction relief ("PCR"). The district court denied Mr. Nickerson's petition as untimely.  On appeal, Mr. Nickerson argued that although his PCR petition was time-barred, he was requesting further DNA testing which he argued constituted new evidence.  See, *Nickerson v. State*, 2021 MT 64N, ¶ 6, 403 Mont. 548, 2021 WL 869486.  The Montana Supreme Court affirmed the denial of Mr. Nickerson's PCR petition.  *Id*.

---

[1] *See also,* Montana Correctional Offender Network:
https://app.mt.gov/conweb/Offender/3004447 (accessed July 23, 2021).

at ¶ 9.  The Court found that Mr. Nickerson's petition was untimely and that he failed to provide any newly discovered evidence and instead simply argued that the State failed to produce the evidence.  Additionally, the Court noted Mr. Nickerson's argument could have been presented on direct appeal.  *Id*.

Mr. Nickerson's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated.  *Id*. at 486-87; see also, *Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005)(en banc)("*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"(citation omitted)).  Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence."  *Smith*, 394 F. 3d at 695 (quoting *Heck*, 512 U.S. at 487).

Mr. Nickerson's claims that his constitutional rights were violated beginning with the 2008 criminal investigation against him and during his 2009 jury trial would necessarily imply the invalidity of his sentence and are therefore barred by *Heck*.

To the extent that Mr. Nickerson is seeking to raise any claims that are not challenging his conviction or sentence, those claims are barred by the applicable statute of limitations.  The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.  In Montana, that period is three years after the action accrues. Mont. Code Ann. § 27-2-204(1).

Mr. Nickerson's original complaint was dated March 11, 2021.  See, (Doc. 2 at 12.)  Accordingly, all claims accruing prior to March 11, 2018 are barred by the applicable statue of limitations.  Mr. Nickerson is complaining about events that occurred in his criminal proceedings nearly a decade prior.  As such, his claims accrued prior to March 11, 2018 and are now barred by the statute of limitations.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Nickerson's Motion to Appoint Counsel (Doc. 8) is DENIED.

2.  This matter is DISMISSED.

2.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

that any appeal of this decision would not be taken in good faith.

4.  The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the Complaint is barred by the applicable statute of limitations and fails to state a federal claim upon which relief may be granted.

DATED this 26th day of July, 2021.


*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge